# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BERNARD KATZ, )
)
    Plaintiff, )
)
    v. )    C.A. No. N18C-11-008 ALR
)
TRACTOR SUPPLY )
COMPANY, INC. )
)
    Defendant. )

## <u>ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT</u>

Upon consideration of Defendant's motion for summary judgment and Plaintiff's response thereto; the evidence and arguments presented by the parties during the July 28, 2020 *Daubert* hearing; the facts, arguments, and legal authorities set forth in the parties' submissions; the Superior Court Rules of Civil Procedure; the Delaware Rules of Evidence; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. By Order dated March 16, 2020, this Court granted Defendant's motion for summary judgment with respect to Plaintiff's strict products liability claims and held in abeyance Defendant's motion for summary judgment with respect to Plaintiff's breach of warranty claims, pending a determination on the admissibility of Plaintiff's proposed expert testimony.

2. Given Delaware's strong policy favoring resolution of claims on the merits,[1] the Court's March 16, 2020 Order also scheduled a *Daubert* hearing to consider Plaintiff's proposed expert testimony for April 21, 2020.

3. In consideration of the state of emergency declared by Governor Carney, the Court issued an Amended Scheduling Order on March 31, 2020. With respect to deadlines that had expired as of March 12, 2020—the day Governor John Carney declared a state of emergency in Delaware—the Court ordered that those deadlines would not be reinstated by the Court without a showing of extraordinary hardship and/or manifest injustice. The deadlines set forth in the Trial Scheduling Order that had not expired as of March 12, 2020, including the trial date of July 27, 2020, were vacated. The Court also rescheduled the *Daubert* hearing for Tuesday, July 28, 2020, at 11:00 a.m. (previously set aside as the second day of trial).

4. On July 28, 2020, the Court held the *Daubert* hearing, at which Plaintiff testified and presented demonstrative evidence for the Court's consideration.

5. The Court denied Plaintiff's request for additional time to identify an expert witness as the deadline set forth in the Trial Scheduling Order had expired February 1, 2020. In addition, Plaintiff had previously represented he did not intend

---

[1] *See, e.g.*, *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008) ("The sanction of dismissal [for discovery violations] is severe . . . . Other sanctions are often more appropriate because 'the important goal of timely adjudications must be balanced against the strong policy in favor of decisions on the merits.'" (quoting *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001))).

2

to retain an expert. Finally, the Court concluded any further extensions would be futile as Plaintiff testified under oath that he was unable to retain an expert.

6. The party seeking to introduce expert testimony bears the burden of establishing admissibility by a preponderance of the evidence.[2]

7. For the reasons stated in the Court's March 16, 2020 Order, Plaintiff's breach of warranty claims require expert testimony to establish defect and causation.

8. The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[3] However, "[l]itigants, whether represented by counsel or appearing *pro se*, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[4] Indeed, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[5]

9. Plaintiff persists by restating the unsupported allegation, based on decades of experience in the field of manufacturing, that the part malfunctioned

---

[2] *Pavey v. Kalish*, 2010 WL 3294304, at *3 (Del. 2010); *Sturgis*, 942 A.2d at 584.
[3] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011) (internal citations omitted); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011) (internal citations omitted).
[4] *Draper*, 767 A.2d at 799.
[5] *Id.*

because it was made up of two welded-together pieces of metal instead of a single metal bar stock.

10. The Court found that Plaintiff's proposed expert testimony did not meet the standard set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*.[6] Plaintiff failed to meet his burden of proof to establish that the expert opinion proposed by Plaintiff is based upon information reasonably relied upon by experts in the particular fields of metallurgy and/or engineering; Plaintiff's proposed expert testimony will not assist the trier of fact to understand the evidence or determine a material fact in issue; and Plaintiff's proposed expert testimony will confuse or mislead the jury.[7]

---

[6] *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521–22 (Del. 1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)).
[7] *Smith v. Grief*, 2015 WL 128004, at *2 (Del. Jan. 8, 2015) (citing *Bowen v. E.I. DuPont de Nemours & Co., Inc.*, 906 A.2d, 787, 794 (Del. 2006)); *Pallano v. AES Corp.*, 2016 WL 750432, at *3 (Del. Super. Feb. 26, 2016).

**NOW, THEREFORE, this 29th day of July 2020:**

1.  Plaintiff's proposed expert testimony is inadmissible for the reasons stated on the record during the July 28, 2020 hearing;

2.  Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's remaining breach of warranty claims for the reasons stated on the record during the July 28, 2020 hearing;

3.  Judgment shall be entered against Plaintiff and in favor of Defendant.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

5